UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDRE RAND,

                      Petitioner,

            - against -

WARDEN OF GREAT MEADOW CORRECTIONAL
FACILITY,

                      Respondent.
------------------------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
10-CV-3290 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Petitioner Andre Rand has petitioned this court *pro se* for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, alleging federal constitutional claims arising out of his December 8, 2004 conviction for the kidnapping of Holly Ann Hughes for which Rand is serving a sentence of 25 years to life, to run consecutive to a sentence of 25 years to life arising out of his 1987 conviction for kidnapping Jennifer Schweiger. (Grady Aff. (Doc. No. 5) at 2.) On December 6, 2010, this Court referred the petition to the honorable Robert M. Levy, U.S.M.J. On May 3, 2012, Judge Levy issued a Report and Recommendation ("Report"), recommending that all of Rand's claims be dismissed. Rand filed timely objections to the Report.

      A district court applies a *de novo* standard of review to those portions of a report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, "where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (internal quotations omitted).

Since Rand is proceeding *pro se*, this Court must read his filings to "raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *see, e.g.*, *Schachter v. Fischer*, 05 Civ. 9896 (KMW)(GWG), 2007 U.S. Dist. LEXIS 94965, at *1–2 (S.D.N.Y. Dec. 26, 2007). Although Rand's objections merely repeat his original claims, and do not address any specific errors in the Report, out of an abundance of caution this Court has reviewed Rand's claims *de novo*, and finds them wholly without merit for the reasons set forth by the magistrate judge.[1]

Accordingly, the Court adopts the Report in its entirety.

---

[1] Rand did not object to Judge Levy's determination that only the first page of his voluminous filing contains potential claims. (Report at 3, f.n.5, 4–5.) However, buried within an appendix to Rand's petition are a list of three claims from his appellate brief, and a letter from his appellate counsel in which Rand circled counsel's advice to "raise these points of law in a petition for a writ of *habeas corpus* in federal court." (*See* Pet. at 11–14.) Out of an abundance of caution, this Court has reviewed these claims in the first instance, and for the following reasons, finds that none can afford Rand *habeas* relief.

First, on appeal, Rand claimed that no credible evidence showed he abducted his victim. The Appellate Division ruled that the evidence, viewed in the light most favorable to the prosecution, supported his conviction. *People v. Rand*, 58 A.D.3d 758, 758 (N.Y. App. Div. 2d Dep't 2009) (citing *People v. Salimi*, 159 A.D.2d 658 (N.Y. App. Div. 2d Dep't 1990) (finding "abduction" element of kidnapping charge met where evidence showed that appellant placed complainant in "a car traveling aimlessly through Queens in the middle of the night")). Rand has not shown that this ruling was objectively unreasonable, and thus *habeas* relief is unavailable for this claim. *See* 28 U.S.C. § 2254(d); *Santone v. Fischer*, 10–5010–pr, --- F.3d ----, 2012 U.S. App. LEXIS 16437, at *20–22 (2d Cir. Aug. 7, 2012).

Next, Rand claimed on appeal that the jury was improperly charged with unindicted and competing theories of the kidnapping. Trial counsel raised no clear objection to the jury charges on these grounds, and the Appellate Division found the claims unpreserved for review. *Rand*, 58 A.D.3d at 759. Denial on this independent and adequate state law ground now precludes *habeas* review of these claims. *See Downs v. Lape*, 657 F.3d 97, 101–08 (2d Cir. 2011).

Finally, on appeal Rand challenged trial counsel's effectiveness for failing to preserve the preceding claims. The Appellate Division denied this challenge on the merits. In his petition here, Rand gives no reason to find its decision objectively unreasonable, and upon review, this Court finds none. *See Santone*, 2012 U.S. App. LEXIS at *36–40 (discussing the highly deferential standard applied to state court adjudications of ineffectiveness claims). Habeas relief is thus unavailable for counsel's alleged errors, and counsel's performance may not constitute cause to excuse Rand's procedural default on his other claims.

**CONCLUSION**

For the reasons herein, Rand's habeas corpus petition is DISMISSED. The Court hereby DENIES a certificate of appealability as Rand failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of Court is directed to dismiss this petition, enter judgment accordingly, send a copy of this Order to petitioner, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 26, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge